UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CECIL C. MANCHESTER                                        CIVIL ACTION

VERSUS

ANCO INSULATIONS, INC., ET AL.                    NO. 22-00796-BAJ-EWD

<u>ORDER</u>

Before the Court is the **Motion to Withdraw Notice of Removal (Doc. 12),**
filed by Defendant Arrow Electronics, Inc. ("Removing Defendant"). On October 14,
2022, Removing Defendant filed a Notice of Removal asserting this Court's subject
matter jurisdiction under 28 U.S.C. § 1332. **(Doc. 1)**. Plaintiff Cecil C. Manchester
("Plaintiff") alleges mesothelioma due to asbestos exposure in the 1970s and 1980s
and names various asbestos manufacturers, sellers, contractors, suppliers and
distributors as Defendants (Doc. 1-1 at pp. 1-14). Removing Defendant contends that
complete diversity exists among all properly joined parties, and that non-diverse co-
Defendants—asbestos manufacturers/suppliers Anco Insulations, Inc. ("Anco") and
Eagle, Inc. —are improperly joined such that their citizenship should be disregarded
because Plaintiff cannot establish a cause of action against Anco or Eagle.

In response, Plaintiff filed an Emergency Motion to Remand and sought
expedited review, contending that Plaintiff does not have a long life expectancy; that
removal thwarted an October 25, 2022 state court hearing for an expedited trial
setting; and that Removing Defendant cannot show there is no possibility that
Plaintiff will be able to establish a cause of action against Anco and Eagle because

19th JDC Clerk

discovery had just begun, and Plaintiff had already engaged in third-party discovery to obtain information about the pertinent asbestos manufacturers/suppliers. (Docs. 7, 8).[1]  Plaintiff seeks an award of costs and fees pursuant to 28 U.S.C. §1447(c) associated with bringing the Motion to Remand.

A videoconference was set for November 3, 2022 before the Magistrate Judge to discuss the removal and the Motion to Remand (Doc. 11).  As noted in the Order setting the videoconference, "[t]o establish that a non-diverse defendant has been [improperly] joined to defeat diversity jurisdiction, the removing party must prove ... that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the [in-state] defendant."[2] "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant."[3]  In preparation for the conference, Removing Defendant was ordered to review *Travis v. Irby* (granting remand in an improper joinder case, and holding: "[S]imply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that

---

[1] According to Plaintiff, "Parties to asbestos disease cases often use third-party discovery to identify both the brand of asbestos insulation at a particular worksite and the identity of the local contractor-supplier who caused the manufacturer's product to be at the worksite. For example, Plaintiff's counsel secured the attached manufacturer's affidavit and corresponding historical sales records from Owens Corning in another asbestos disease case involving Anco. These certified sales records provided evidence of product brand, date of sale, local contractor-supplier identity, and worksite[.]" (Doc. 7-1, p. 4).

[2] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999).

[3] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

there is no possibility for [the plaintiff] to establish [the defendant's] liability at trial"), as well as other authority cited in the Order.[4] Following its review, Removing Defendant was permitted to withdraw its Notice of Removal by November 2, 2022 if it concluded that the cited authority provided a sufficient basis for remand. (Doc. 11, p. 5).

Removing Defendant filed the Motion to Withdraw on November 1, 2022, contending that, while it believes objectively reasonably grounds for removal exist to preclude an award of costs and fees, Removing Defendant does not desire to proceed with the removal at this juncture, and requesting remand. (Doc. 12).[5]

Removing Defendant argued for improper joinder of Anco and Eagle because Plaintiff was unable during his deposition to name the asbestos contractors/suppliers at his places of employment many years ago. However, in line with Circuit precedent, this Court has held that merely pointing out a plaintiff's lack of evidence during the

---

[4] *Travis v. Irby,* 326 F.3d 644, 650-51 (5th Cir. 2003). *See also Pitman v. Crane Co.,* No. 13–83, 2013 WL 1403326 (E.D. La. April 5, 2013) ("Georgia–Pacific's argument that plaintiff has not produced 'one scintilla of evidentiary support' suggesting that plaintiff's father worked at industrial sites is inapposite. In *Bradford v. McCarty Corp.,* No. 08–746–JVP–SCR, 2009 WL 667175 (M.D. La. Mar. 12, 2009), the court remanded a case in which defendant did nothing more than point out flaws in plaintiffs' evidence: 'Simply pointing to the plaintiffs' lack of evidence at this early stage of the case is insufficient to show that there is no possibility that the plaintiffs will be able to establish the liability of the non-diverse defendants at trial.' *Bradford,* 2009 WL 667175, at *2. Further, in *Richoux v. CSR Ltd.,* No. 08–931, 2008 WL 576242 (E.D. La. Feb. 29, 2008), the Court remanded a case where 'plaintiff testfie[d] only that he, a lifelong office worker, has no *personal* knowledge or information that the non-diverse defendants supplied, installed, or distributed the asbestos-containing products that he may have been exposed to during the course of his life.' *Richoux,* 2008 WL 576242, at *4. Improper joinder was not established by pointing to this deposition because the deposition was 'far from the only type of evidence after discovery, that the plaintiff might be able to produce at trial.' *Id.*").

[5] Removing Defendant reserves its right to seek subsequent removal as permitted by Circuit authority. (Doc. 12, p. 5).

early stages of a case is not enough to show that there is no possibility that the plaintiff will be able to establish the liability of the non-diverse defendants at trial.[6] While the Motion to Withdraw suggests otherwise, it is possible that further discovery may reveal the contractor/supplier information. As such, there is good cause to grant the Motion to Withdraw. The case will be remanded, and all other pending motions will be terminated.[7]

Accordingly,

**IT IS ORDERED** that the Motion to Withdraw Notice of Removal, filed by defendant Arrow Electronics, Inc. (Doc. 12) be and is hereby **GRANTED**. The Notice of Removal is **WITHDRAWN,** and the case is **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TERMINATE** this matter and all pending motions.

Signed in Baton Rouge, Louisiana, the 17th day of November, 2022.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[6] *Bradford,* 2009 WL 667175, *2.

[7] This Order also renders Plaintiff's request for costs and fees moot. Even so, and despite the timing of the removal, the Motion to Withdraw and attached exhibits establish an objectively reasonable grounds for removal, as supported by pre-existing discovery conducted in other asbestos litigation indicating that Anco and Eagle no longer possess the relevant asbestos sales records for the time period at issue (Doc. 12). While Anco's and Eagle's lack of these records suggests that Plaintiff *may* not be able to glean whether these Defendants supplied/manufactured asbestos as it relates to Plaintiff's exposure, that does not foreclose the possibility that Plaintiff may discover this information elsewhere.